UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD JORODGE GLADNEY,<br>BOP #80179-279, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-4042 |
| | § | |
| UNITED STATES ATTORNEY'S<br>OFFICE, *et al*, | § § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Edward JoRodge Gladney (BOP #80179-279), a federal inmate in the custody of the United States Bureau of Prisons ("BOP") at USP Coleman II in Coleman, Florida, filed this *pro se* civil rights Complaint seeking to void his present conviction and sentence. *See* Docket Entry No. 5 ("Amended Complaint"). He invokes the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and names the United States Attorney, the Honorable Vanessa D. Gilmore, the Honorable Stephen Smith, and Assistant United States Attorney Sherri Lynn Zack as Defendants. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be DISMISSED for the reasons that follow.

# I.  BACKGROUND

Gladney is currently serving two consecutive 360-month sentences in the BOP as the result of convictions for sexual exploitation of children, along with concurrent 360-month sentences for sexual exploitation of children and advertising child pornography. *See United States v. Gladney*, Crim. No. 4:10-cr-735-1 (S.D. Tex. Oct. 15, 2012). He alleges that the Defendants violated his Fourth Amendment right to be free of unlawful seizure and his Fifth Amendment due process rights in connection with his conviction and sentence. Docket Entry No. 5 at 4. He claims that he has suffered irreparable injuries throughout his confinement, including loss of enjoyment of life and liberty, loss of income, emotional distress, and other injuries. He seeks $175 million from the United States and $625,000 from each of the other Defendants named in this suit. He also seeks injunctive relief from Judge Gilmore, the presiding Judge in his criminal case, to dismiss and discharge his criminal case. He alleges that his criminal case is void because the United States Attorney's Office "knowingly failed to Bond my criminal case," which he asserts resulted in unlawful abuse of process, false imprisonment, and false arrest. *Id.* at 6.

# II.  DISCUSSION

Gladney's Amended Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard

of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se. Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Gladney's claims for monetary damages and equitable relief are barred under the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages or injunctive relief arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Gladney's claims are inextricably linked to the legality of his present sentence and confinement. The gravamen of his complaint is that, based on his mistaken understanding

of the criminal justice process, he claims his underlying criminal case is void and seeks its dismissal. His claims challenge his conviction because a judgment favorable to Gladney on his present civil rights claims would necessarily imply the invalidity of his conviction and sentence. Because Gladney has not shown that his conviction has been overturned or invalidated through proper channels, his present civil rights and federal tort claims are barred by *Heck* and must be dismissed.

## III.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Edward JoRodge Gladney's claims are **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at: **Three_Strikes@txs.uscourts.gov.**

The Clerk shall also send a copy of this Order to the parties.

SIGNED at Houston, Texas on ___6/23/21_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE